UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: Pedro M. Rodas-Zea,                     Chapter 7 Proceedings
            Debtor.                        Case No. 17-26563-svk

---

Patrick S. Layng,
United States Trustee,
        Plainitff,
vs.                                             Adversary Proceeding
                                                Case No. 17-2388-svk
Pedro M. Rodas-Zea,
        Defendant.

---

DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

---

      The defendant, Pedro M. Rodas-Zea, by his attorneys, ESSERLAW LLC, moves the Court for an order dismissing the plaintiff's adversary complaint (the "Complaint"). The plaintiff has failed to state a claim upon which relief can be granted and thus, pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6), this adversary should be dismissed with prejudice. In support of his motion to dismiss, the defendant further states:

1.    The plaintiff has failed to plead sufficient facts to show that he "knowingly and fraudulently, in or in connection with the case – (A) made a false oath…," which should result in the denial of his discharge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (After disregarding those pleadings that are "no more than conclusions," the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2.    The facts alleged in the plaintiff's complaint negate the elements that must be proven to sustain this action.

3.    The plaintiff has plead the following facts:
    a.    "On Schedule A/B, the Defendant reported $17,578 in personal property, which includes a $7,500 boat and $3,100 in jewelry--an engagement ring valued at $1,600 and wedding bands valued at $1,500." *Complaint*, ¶ 24.
    b.    "On Schedule D, the Defendant reported a secured debt on a Tiffany &

ESSERLAW LLC
11805 West Hampton Avenue
Milwaukee, WI 53225
Telephone (414) 461-7000
Facsimile (414) 461-8860

    Co. engagement ring for $2,500 and he valued the collateral at $1,600." *Id.*, ¶ 25.
  c. The Defendant stated that the jewelry was appraised before filing bankruptcy and he used that value. *Id.*, ¶ 40.
  d. The valuation the Defendant received from Shiela's Fine Jewelry and Goldsmith Shop prior to filing for bankruptcy gave a cash value of $1,600 for the engagement ring, $144 for the men's platinum wedding band and $154 for the woman's platinum and diamond wedding band. *Id.*, ¶ 45.

4. Assuming, as the Court must, that all of these pleadings are true, the plaintiff cannot prove that the defendant had the requisite intent to "knowingly or fraudulently" make a false oath.

5. The plaintiff admits that the defendant sought out and relied upon a valid appraisal of his jewelry, which he disclosed on his schedules and provided to the Chapter 7 Trustee.

6. Generally, "where the debtor's reliance is reasonable and in good faith, the advice of counsel may … negate the inference of fraudulent intent." *OnBank & Trust Co. v. Siddell (In re Siddell)*, 191 B.R. 544, (Bankr. N.D.N.Y. 1996) (internal citations removed).  How much more so when the debtor relies on the honest appraisal of an unrelated, third party, who is an expert in providing valuations.

7. The plaintiff does not and cannot allege that the defendant should have valued his jewelry at the purchase price because that is not the standard for valuation. Rather the standard for valuation is current value, or what would an unrelated, third party pay for the item as of the date of filing.
  a. As the Official Instructions for Schedule A/B direct, "[i]n this form, report the *current value* of the property that you own in each category. *Current value* is sometimes called fair market value and, for this form, is the fair market value as of the date of the filing of the petition. *Current value* is how much the property is worth, which may be more or less than when you purchased the property." http://www.uscourts.gov/sites/default/files/instructions_individuals_0.pdf, pg. 14.  (Emphasis in the original.)
  b. On the "Frequently asked questions" page of its website, the Court instructs pro se debtors that, "[t]he value of property is not the amount that the debtor paid for it, but what it is worth now. Generally the trustee is interested in the resale value of the property so for most personal effects this is the rummage sale value of the property." https://www.wieb.uscourts.gov/frequently-asked-questions

8. The plaintiff seeks to make a mountain of a molehill.  The debtor overpaid for the jewelry; that does not make his honest and reasonably based disclosure a false oath.  The chapter 7 trustee also had the jewelry appraised and found that its value is significantly below the purchase price.  Because, even when adopting the

2

Trustee's valuation, the jewelry is fully exempt, the Trustee has now abandoned the property. Case Docket, Doc 38.

Wherefore, the defendant seeks an order dismissing this case on the merits and any other relief deemed just and equitable.

Dated this 29th day of January, 2018.

>ESSERLAW LLC
>Attorneys for the Debtor/Defendant
>
>/s/ Steven E. Berg
>Steven E. Berg

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: Pedro M. Rodas-Zea,            Chapter 7 Proceedings
           Debtor.                                 Case No. 17-26563-svk

---

Patrick S. Layng
United States Trustee,
           Plainitff,

vs.                                                       Adversary Proceeding
                                                            Case No. 17-2388-svk

Pedro M. Rodas-Zea,
           Defendant.

---

CERTIFICATE OF SERVICE

---

STATE OF WISCONSIN    )
                               ) ss
MILWAUKEE COUNTY     )

      The undersigned, being first duly sworn on oath, says on the 29th day of January, 2018, she placed the MOTION TO DISMISS ADVERSARY PROCEEDING, copies of which are now on file with the court to be served via first class mail with postage paid or served electronically if the party accepts electronic service to the following:

**Michelle S.Y. Cramer,**                    **Pedro M. Rodas-Zea**
**Attorney for the U.S. Trustee (via ECF)**    **6745 South 19th Street**
                                                                **Milwaukee, WI 53221**

                                                                /s/ Kyle G. Hutton
                                                                Affiant

Subscribed and sworn before me
this 29th day of January, 2018.

/s/ Kirk M. Fedewa
Notary Public, State of Wisconsin
My commission is permanent.


ESSERLAW LLC
11805 West Hampton Avenue
Milwaukee, WI 53225
Telephone (414) 461-7000
Facsimile (414) 461-8860